**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CECIL HOWARD,**

    **Plaintiff,**

**v.**                                                      **Case No. 4:25-cv-294-AW-MAF**

**REGINALD KARLTON HICKS,**

    **Defendant.**

_____/

**ORDER DENYING MOTION TO DISMISS**

This case arises out of a series of allegedly defamatory Facebook posts. Plaintiff Cecil Howard claims Defendant Reginald Hicks defamed him by accusing him of, among other things, theft and embezzlement. ECF No. 6 at 6-7. Hicks moved to dismiss for lack of personal jurisdiction or, alternatively, to dismiss or transfer under the doctrine of forum non conveniens or § 1404.[1] ECF No. 26. After carefully considering Hicks's motion and Howard's response (ECF No. 29), I now deny the motion.[2]

---

[1] Hicks also argues that Howard's complaint is "bare bones," "does not attach, quote, or otherwise reproduce the allegedly defamatory statements," and "relies on generalized characterizations." ECF No. 26 at 2. But he does not seek dismissal under Rule 12(b)(6).

[2] Hicks also filed a reply, ECF No. 32, but it was unauthorized. *See* N.D. Fla. Loc. R. 7.1(I) (prohibiting reply briefs without leave). Accordingly, the reply (ECF No. 32) is stricken.

1

## I.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (cleaned up). If there are conflicts in the evidence, "the court must construe all reasonable inferences in favor of the plaintiff." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp.*, 556 F.3d at 1274. Step one is easy. Howard relies on a provision in Florida's long-arm statute that allows jurisdiction over a defendant who commits "a tortious act within this state." Fla. Stat. § 48.193(1)(a)2. A defendant commits "a tortious act within this state" if he posts defamatory material about a Florida resident online that others access in Florida. *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1214 (Fla. 2010).

2

> By posting allegedly defamatory material on the Web about a Florida resident, the poster has directed the communication about a Florida resident to readers worldwide, including potential readers within Florida. When the posting is then accessed by a third party in Florida, the material has been "published" in Florida and the poster has communicated the material "into" Florida, thereby committing the tortious act of defamation within Florida.

*Id.* at 1215.

Howard alleged he is a Floridian and that "members of the Facebook group in Florida" read the defamatory statements. ECF No. 6 ¶ 27. This satisfies the prima facie pleading standard. Hicks's affidavit does not dispute that some in Florida read the statements. ECF No. 24. Regardless, Howard's affidavit states that those in Florida (including him) did read the statements. ECF No. 29-1 ¶¶ 4-16. Howard has thus established that Florida's long-arm statute reaches this case.

The next question is whether exercising jurisdiction would violate the Due Process Clause. *United Techs. Corp.*, 556 F.3d at 1274. The court evaluates three criteria in making this determination:

> (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state . . . (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'

*Frida Kahlo Corp. v. Pinedo*, 172 F.4th 1316, 1323 (11th Cir. 2026) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)). Howard

has the burden on the first two prongs; if he satisfies that burden, Hicks can avoid the exercise of jurisdiction only if he makes a "compelling case" on the third. *Id.*

"The first prong focuses on the 'essential foundation' of specific jurisdiction, evaluating the 'relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Here, Hicks allegedly defamed a Florida resident through posts Floridians accessed. This is sufficient. *See id.* at 1324 ("Because that claim arises out of, or relates to, Defendants' communications into Florida, this litigation bears the required connection to Defendants' contacts with Florida.").

Next is purposeful availment. In an intentional tort case, two tests apply—the *Calder* effects test and the traditional minimum-contacts test. *Id.* Howard needs to satisfy only one, and he satisfies the effects test. That test "requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Moore v. Cecil*, 109 F.4th 1352, 1362 (11th Cir. 2024). Hicks makes no argument about the first or third prongs; the dispute is over the second prong. *See* ECF No. 26 at 12-13.

The second prong is satisfied if a nonresident defendant "deliberately directs his posting at the plaintiff." *Moore*, 109 F.4th at 1364. That is what Howard alleges in his complaint and states in his affidavit. The posts at issue are clearly directed at

Howard; they mention him by name. ECF No. 29-1 at 5-16. (The posts in *Moore*, by contrast, "never named Moore directly." *Moore*, 109 F.4th at 1363.) Howard has satisfied *Calder*'s second prong. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008) ("These allegations satisfy the *Calder* effects test for personal jurisdiction—the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum.").

Hicks notes that the plaintiff "cannot be the only link between the defendant and the forum." ECF No. 26 at 12 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). But Howard is not the only link between Hicks and Florida. Hicks submitted his posts to a Facebook group that included numerous Floridians, and he interacted with another Florida resident. ECF No. 6 ¶¶ 27-28; ECF No. 29-1 ¶¶ 7-12. Plus, the alleged defamation and resulting injury occurred in Florida. *Cf. Walden v. Fiore*, 571 U.S. 277, 288 (2014) (noting *Calder* involved an intentional tort and reputational harm that occurred in the forum).

Last, the court must analyze whether exercising jurisdiction comports with traditional notions of fair play and substantial justice. This inquiry focuses on "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Frida Kahlo Corp.*, 172 F.4th at 1325. Again, Hicks bears the burden of making "a 'compelling case' that the exercise

5

of jurisdiction would violate traditional notions of fair play and substantial justice." *Diamond Crystal Brands*, 593 F.3d at 1267.

Hicks does not make such a compelling case. For one thing, he does not even address all the factors; he addresses only the first two. He contends (without elaboration) that this lawsuit would burden him and that "Florida has no substantial interest in adjudicating this dispute." ECF No. 26 at 13. But "Florida's interest in adjudicating disputes that involve harm or business relationships within its borders is clear." *Frida Kahlo Corp.*, 172 F.4th at 1326. Howard also has an interest in obtaining relief where he felt the harm. *See id.*

In sum, this court has personal jurisdiction.

## II.

Last, Hicks makes a halfhearted argument for dismissal or transfer "under the doctrine of forum non conveniens and 28 U.S.C. § 1404(a)." ECF No. 26 at 14-15. The forum non conveniens argument is a nonstarter. Hicks's assertion that Texas is an appropriate forum means there is no basis to dismiss on the doctrine of forum non conveniens. *See Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (explaining that the doctrine of forum non conveniens "has continuing application in federal courts only in cases where the alternative forum is abroad" (cleaned up)). And at any rate, he has not shown that dismissal is warranted. Second, to the extent Hicks argues for permissive transfer under § 1404(a), his perfunctory

6

argument does not demonstrate transfer would be appropriate at this stage. A court can transfer to another federal district "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Here, Hicks says he resides in Texas and that all *defense* evidence and witnesses are in Texas and that Howard has not identified any "Florida-based witness." ECF No. 26 at 15. But Howard has no burden here, and his chosen forum is entitled to deference. Hicks has not come close to showing that a § 1404(a) transfer is appropriate.

### III.

The motion to dismiss or transfer (ECF No. 26) is DENIED.

SO ORDERED on June 24, 2026.

s/ *Allen Winsor*  
Chief United States District Judge

7